(No. 862—Claimant awarded $14,476.22 with interest.)

LUCILE HIRSCH HILBORN AND MILTON S. HIRSCH, EXECUTORS AND TRUSTEES OF THE ESTATE OF ISAAC HIRSCH, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

INHERITANCE TAX—*when refund will be made, Sec. 25.* Where upon proper proceeding an estate is re-appraised and the tax re-assessed and the tax reduced, claimant is entitled to a refund of the difference between the amount of the tax paid under the original order and the amount found due upon the re-assessment.

SIMEON STRAUS AND IRA E STRAUS, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This suit is brought by Lucile Hirsch Hilborn and Milton S. Hirsch, executors of the last will and testament of Isaac Hirsch, deceased, to recover $14,476.22 refund of inheritance taxes under provisions of Sec. 25, Inheritance Tax Laws of Illinois.

The evidence is clear and undisputed in this case and admitted by the Attorney General, who consents to an award of the amount claimed, and our statement will be brief.

September 5, 1923, claimants paid the assessed inheritance tax assessed, to amount of $51,187.23.

On 31st day of December, 1924, the county court, on proper petition, entered an order for re-appraisement and re-assessment as to the one-third of the residuary estate held for the

benefit of Lucile Hirsch Hilborn, the petitioner therein, and on a proper hearing, the court entered its order assessing the same in sum of $39,405.07 and found that the petitioner was entitled to have returned the difference between the original assessment and the last order re-assessing same, to-wit: the sum of $14,476.22 with interest at 3% per annum from September 5, 1923.

The Attorney General was notified of this procedure and made no objection to the re-assessment, etc. It is never necessary in deciding these inheritance tax cases to go further back of the orders and findings of the court on the petition for re-appraisement and re-assessment. Certified copies of the orders and findings of the county court are filed in evidence and the Attorney General admits that upon an examination of the evidence, the claimants are entitled to the sum of $14,476.22.